**In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.**

Bankruptcy Nos. 89–9714–8P1 to 89–9746–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 7, 1991.

Don Stichter, Tampa, Fla., Michael J. Crames, P.C., New York City, for debtors.

Paul B. O'Hearn, Atlanta, Ga., Marc S. Kirschner, New York City, Zala Forizs, St. Petersburg, Fla., for Official Unsecured Creditors Committee.

Daniel Golden, New York City, John Genovese, Miami, Fla., for Official Committee of Bondholders Committee.

## ORDER ON FIRST APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR BEAR STERNS CO., INC.

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet-to-be-confirmed Chapter 11 case involving Hillsborough Holdings Corporation (HHC) and its subsidiaries (Debtors). The matter under consideration is the re-evaluation of the First Application of Bear Sterns Co., Inc. (Bear Sterns) for Interim Allowance of Compensation for services rendered during the three-month period from May 1, 1990 through July 31, 1990. This Application was disapproved in toto without prejudice by this Court on February 26, 1991. At that time, the application submitted by Bear Sterns failed to set forth any time records thereby making it impossible for the Court to determine the amount of time spent by Bear Sterns in rendering the services described in the application and whether the time spent was reasonable.

Bear Sterns subsequently submitted to this Court, under seal, its final report presented to the Bondholders Committee of its work done for that committee. Although this Court finds the information contained within that report enlightening, it does not answer this Court's question of how much time was spent by Bear Sterns in rendering the services described in the application. Without that determination, it is impossible for the Court to determine the true value of the services rendered and the reasonableness of time spent rendering those services.

While this Court is aware that investment bankers do not customarily charge for their services on an hourly basis, this Court is unable to find any authority supporting the proposition that investment advisors are not subject to the mandate of Bankruptcy Rule 2016(a), which requires that any entity seeking compensation shall file an application setting forth a detailed statement of services rendered, time expended and expenses incurred. This Court is constrained to conclude that the Bankruptcy Rules are controlling, not the general policy or custom of investment advisors which prevails in the operation of the business investment bankers or advisors. In light of the fact that the supplement filed, under seal, by Bear Sterns does not set out any record of the time spent by Bear Sterns, this Court is satisfied that it is appropriate to re-affirm the denial of the interim fee application, in toto, without prejudice for Bear Sterns to request a reconsideration of the application when the Debtors file their Plan of Reorganization or at confirmation time, together with any other applications which may be filed by Bear Sterns for services rendered. Any subsequent evaluation will focus not only on the time actually spent by Bear Sterns but also results achieved by the Debtors to which Bear Sterns contributed.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the First Interim Fee Application of Bear Sterns be, and the same is hereby, disapproved without prejudice.

DONE AND ORDERED.